In the Matter of the Application of BANKERS SECURITIES CORPORA-
TION and Others, Petitioners, against GEORGE E. ROOSEVELT
and Others, Respondents.

Supreme Court, Special Term, New York County, September 29, 1936.

* Revd., —— App. Div. ——

*Garey & Garey* [*Eugene L. Garey, Milton I. Hauser* and *William Helfer* of counsel], for the petitioners.

*Root, Clark, Buckner & Ballantine* [*Cloyd Laporte* of counsel], for the respondent The Real Estate Bondholders Committee.

*Wise, Sheppard & Houghton*, for the respondent The Continental Bank and Trust Company of New York.

McGoldrick, J. There is a real estate bondholders protective committee acting on behalf of corporate bondholders who have deposited their bonds with the committee.

The applicants here are the holders of certificates issued by a trust company as depositary of such commitee.

The application is brought for an order requiring the committee to furnish to the applicants a list of the principal amount of bonds deposited and the names and addresses of all such depositors.

The committee opposes the application on two grounds: (1) That the applicants are not qualified bondholders; and (2) that the granting of the application would adversely affect the interests of the bondholders as a whole.

This motion involves a consideration of article 84-A of the Civil Practice Act, which was added thereto by chapter 899 of the Laws of 1936, and in effect as of September first. Therein it is provided that whenever there has been a default under a bond any " qualified bondholder " may make such an application. (§ 1469-b.)

" Qualified bondholder " is defined in section 1469-a, subdivision 7, which, so far as material, reads:

" 7. The term ' qualified bondholder ' means any bondholder who (a) has acquired a bond by purchase before the default * * * and in any event at least one year before the making of such application, unless such bondholder shall have been an original purchaser or (b) who has acquired a bond by gift or inheritance from a bondholder who acquired the same by purchase before the default * * * and in any event at least six months before the making of such application; provided, however (a) that such bond was not purchased for the purpose of making such an application; (b) that the list of bondholders shall not be for the purpose of communicating with bondholders in the interests of an object other than the particular indenture securing the issue of bonds; and (c) that such petitioner has not within five years sold or offered for sale any list of stockholders of any corporation, or aided or

abetted any person in procuring any stock list for any such purpose or sold or offered for sale any list of bondholders of any obligor or aided or abetted any person in procuring such a list for any such purpose."

The default here was by the obligor in the payment of interest and in the sinking fund requirements due on May 1, 1931. The petitioners own certificates of deposit representing bonds in the principal sum of $307,000 constituting approximately twenty-three per cent of those presently outstanding. The certificates were acquired between September 24, 1934, and July 22, 1936. These certificates of deposit representing the bonds were not " purchased for the purpose of making " this application. The list of bondholders is not to be used " for the purpose of communicating with bondholders in the interest of an object other than the particular indenture securing the issue of bonds." The petitioners have not " within five years sold or offered for sale any list of stockholders of any corporation, or aided or abetted any person in procuring any stock list for any such purpose or sold or offered for sale any list of bondholders of any obligor or aided or abetted any person in procuring such a list for any such purpose." The list is not desired for the purpose of acquiring additional certificates of deposit since there is a market in their purchase and sale. The list is desired so that the petitioners may be able to communicate both by letter and orally with the other certificate holders in order to be able to discuss with them the merits of the plan of reorganization proposed by the committee as against one of their own making.

Prior to the enactment of this law similar applications depended for success on some action then pending. The list was then secured, if at all, in an examination of the trustee or of other interested parties before trial. The object of this statute was to prescribe a method by which bondholders, without the class of sharpshooters, chisellers and strike-suitors, but acting in perfect good faith, could obtain a list of those persons who happened to be partners in their misfortune. The petitioners are not traders or speculators; they are investors. Their good faith is not seriously questioned.

The instant section is remedial and should be liberally construed. To interpret it literally would be harsh and unjust in worthy cases, make difficult its application, and not only destroy its effectiveness but tend to defeat the very object sought to be attained by its enactment. A careful study of the restrictive provisions therein, as a composite, leads irresistibly to the conclusion that they are instinct with good faith, which in any contingency becomes a

question of fact to be decided favorably as a prerequisite to the relief sought.

Each application must rest upon the particular facts involved and the attending circumstances, fortressed by a bulwark of good faith impervious to attack. Bondholders who meet this test are within the spirit and intent of the law even though they may not be within the letter of the statute.

The granting of this application will cause the respondents no harm and its denial may result in substantial injury to the applicant and the other bondholders.

I am satisfied that the allegations of the petition are true; that the applicants are acting in good faith as qualified bondholders within the meaning of the statute; and that the interests of the bondholders of the issue as a whole will be conserved by the disclosure and will not be adversely affected by the granting of this application.

Application is granted upon condition that the petitioners pay to the depositary a reasonable charge for preparing the list.

Settle order.